# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JESSICA NICOLE NEWBERN,**<br><br>    Plaintiff,<br><br>v.<br><br>**CLINCH COUNTY, GEORGIA; City of HOMERVILLE; SANTIAGO LOPEZ KING; ELEXIS WILLIAMS; JOHN DOES 1-10,**<br><br>    Defendants. | Civil Action No. 7:15-CV-229 (HL) |

## ORDER

Before the Court is the Motion to Dismiss filed by Defendants Clinch County, Georgia and Elexis Williams. (Doc. 11). These Defendants move to dismiss all claims against Clinch County and Elexis Williams, in his official capacity. For the reasons stated below, the partial Motion to Dismiss is granted.

## I.  MOTION TO DISMISS STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The

plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Acado Brands, Inc., 187 F.3d 1271, 1273, n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). The court may not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## II.   FACTUAL BACKGROUND

At all relevant times to this action, Plaintiff was incarcerated in the Clinch County Jail. On November 1, 2014, Plaintiff was ordered to exit her cell and escorted out of the Clinch County Jail by Defendant Elexis Williams. (Compl., ¶ 9). Defendant Williams was an employee at the Clinch County jail. (Compl., ¶

9). Outside of the jail, Defendant Williams transferred Plaintiff into the custody of Defendant Santiago Lopez King, a police officer with the Homerville Police Department. (Compl., ¶ 9). Defendant King transported Plaintiff to the Clinch County Airport, where he allegedly raped Plaintiff. (Compl., ¶ 9). Defendant King returned Plaintiff to the Clinch County jail after the alleged rape. (Compl., ¶ 13).

### III.   LEGAL ANALYSIS

Based on these events, Plaintiff brought claims against Defendants Clinch County, the City of Homerville, Santiago Lopez King, Elexis Williams, and John Does 1-10. Specifically, Plaintiff brings state law negligence claims and claims under 42 U.S.C. § 1983. Now, Defendants Clinch County and Elexis Williams bring a Motion to Dismiss, based on Rule 12(b)(6) of the Federal Rules of Civil Procedure and sovereign immunity. The Court will first address the claims against Defendant Clinch County and then discuss Plaintiff's claims against Defendant Williams.

   **A.   Claims against Clinch County, Georgia**

      **1.   Claims under state law**

Defendants argue that Plaintiff's state law claims should be dismissed because "counties are immune to suit for any cause of action, unless sovereign immunity is expressly waived by constitutional provision or statute." (Defs.' Mot. to Dismiss, p. 13) (internal quotation omitted). Plaintiff concedes that her state law claims against Clinch County should be dismissed. (Pl.'s Resp. to Defs.' Mot. to Dismiss, p. 9).

Accordingly, with respect to all state law claims against Defendant Clinch County, the Motion to Dismiss is **GRANTED.**

## 2. Claims under 42 U.S.C. 1983

Plaintiff contends that Defendant Clinch County is liable under 42 U.S.C. § 1983 because the injuries sustained by Plaintiff, due to the conduct of Defendants John Does 1-10, were the direct result of policies, procedures, and customs of Defendant Clinch County.  (Compl., ¶¶ 35–39).  Defendants argue that Clinch County was not the employer of any personnel at the Clinch County jail, and that even if it did employ personnel at the jail, it could not be held liable because § 1983 does not support *respondeat superior* liability.  (Defs.' Mot. to Dismiss, pp. 4–10).

### i.   Policy, custom, or practice

A plaintiff seeking to hold a municipality liable under § 1983 cannot rely upon the theory of *respondeat superior* liability, but must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  "This threshold identification of a custom or policy 'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'"  Id. at 1290 (quoting Bd. of Cty. Com'rs v. Brown, 520 U.S. 397, 403–04 (1997); see also City of Canton v. Harris, 489 U.S. 378, 385 (1989) ("[A] municipality can be

4

found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue.") (emphasis in original).

Thus, to hold Clinch County liable, Plaintiff must show that the county itself, acting through an agent with final authority, was responsible for an official policy or custom of "depriving liberty and property . . . without probable cause," and that the policy or custom was the driving force behind the violation of Plaintiff's constitutional rights.  See, e.g., McDowell, 392 F.3d at 1289; Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 690–95 (1978).

A plaintiff "has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county."  Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003). "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation," most plaintiffs resort to showing "that the county has a custom or practice of permitting [a constitutional violation] and that the county's custom or practice is 'the moving force [behind] the constitutional violation.'"  Id. at 1330 (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

To establish "§ 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'"  Brown v. City of Fort

5

Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).  In addition, a plaintiff "(1) must show that the local governmental entity, here the county, has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." Grech, 335 F.3d at 1330 (citations omitted).

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  The plausibility standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability.  Twombly, 550 U.S. at 556.

In her Complaint (Doc. 1), Plaintiff makes the following mentions of the words "policy," "custom," or "practice":

1. "Upon information and belief, at the time leading up to, and during the Defendants['] harmful acts upon the Plaintiff, Clinch County and the City of Homerville had implemented improper and/or insufficient policies and procedures or violations thereof, regarding the legal duty of reasonable care due to the Plaintiff."  (Compl., ¶ 14).

2. "As a result of insufficient policies, procedures and/or violations thereof, Plaintiff endures mental anguish, humiliation, and pain and suffering, which continues to persist to this day."  (Compl., ¶ 15).

3.   " . . . The Defendants' negligent implementation of policies and procedures, and/or other negligent acts to be shown by the evidence demonstrates a reckless disregard of proper law enforcement procedures." (Compl., ¶ 23).

4.   "The constitutional injuries suffered by the Plaintiff were the direct results of policies, procedures and customs, and lack of appropriate policies and procedures of these Defendants. These policies, procedures and customs, and lack of appropriate policies and procedures were the moving force behind the violation of Plaintiff's civil rights." (Compl., ¶ 39).

Plaintiff has not specifically identified any official policy or well-settled custom or practice attributable to Clinch County which was the moving force behind the county's allegedly unconstitutional acts. Plaintiff's assertion that Defendant Clinch County implemented "improper" and "insufficient" policies and procedures and/or disregarded policies and/or procedures is conclusory and "carr[ies] no weight." Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013). Plaintiff has done nothing more than make vague and conclusory allegations against Clinch County, and that is not sufficient to state a claim for municipal liability under § 1983.

*ii.   Inadequacy of training*

There is one exception to the general rule that a county will be liable under § 1983 only when its "official policy" causes a constitutional violation. A municipality may be held liable under § 1983 for the inadequacy of law-enforcement training, "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."

7

City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).  Deliberate indifference is established where there is "some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action."  Gold v. City of Miami, 151 F.3d 1346, 1350–51 (11th Cir. 1998).  A municipality is on notice when the need for more or different training is obvious—such as when there has been a history of widespread abuse or when the failure to train is likely to result in a constitutional violation.  See Williams v. Limestone Cty. Ala., 198 Fed. Appx. 893, 896 (11th Cir. 2006); Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985).

"The Supreme Court has cautioned that the exception creating municipal liability under § 1983 for failure to train applies in only a very narrow range of circumstances, and a municipality's culpability 'is at its most tenuous where a claim turns on failure to train.'"  Mingo v. City of Mobile, Ala., 592 Fed. Appx. 793, 800 (11th Cir. 2014) (citing Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 398 (1997) and Connick v. Thompson, 563 U.S. 51, 61 (2011)).  In fact, the Supreme Court has provided only a single hypothetical situation, in *dicta*, which met the narrow constraints of § 1983 liability for a failure to train.  See City of Canton, 489 U.S. at 390 n. 10.  The Supreme Court explained that, "city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons.  The city has armed its officers with firearms, in part to allow them to accomplish this task.  Thus, the need to train officers in the constitutional limitations on the use of deadly force can be

said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights." Id. (internal citation omitted).

Unlike the hypothetical presented in City of Canton, the facts alleged by Plaintiff do not present circumstances that give rise to a need to train that is "so obvious" that the failure to train results in "'deliberate indifference' to constitutional rights." Plaintiff attempts to establish liability under § 1983 for inadequate training by claiming that Clinch County, "fail[ed] to properly and adequately train law enforcement officers of Clinch County . . . in the conduct of inmate protection." (Compl., ¶ 38). She also alleges that Defendant Clinch County "allow[ed]" Defendant King to "cavort inside the jail." (Compl., ¶ 23). However, Plaintiff fails to identify any evidence that Clinch County was on notice of the alleged misconduct by Defendants King, Williams, or John Does 1-10. Nor does Plaintiff allege a history of widespread abuse by Defendants King, Williams, or other jail personnel, or anything that would lead the Court to believe that a failure to train under the circumstances would lead to constitutional violations. For example, there is no allegation of a history or pattern of Clinch County personnel committing sexual assaults that would render obvious to Defendant Clinch County a need for different or additional training. Nor are there any other facts suggesting Clinch County's subjective knowledge of a threat to Plaintiff's constitutional rights that training might have cured.

Plaintiff's contentions that Clinch County inadequately trained law enforcement officers on inmate protection, "fall[ ] far short of the kind of 'obvious'

9

need for training that would support a finding of deliberate indifference to constitutional rights on the part of the [county]." City of Canton, 489 U.S. at 396–97.  Plaintiff makes only the conclusory allegation that Defendant Clinch County failed to provide proper training to jail personnel.  Conclusory allegations on their own do not state a claim for relief.  Accordingly, with respect to Plaintiff's § 1983 claim against Defendant Clinch County, the Motion to Dismiss is **GRANTED.**

> **B.     Claims Against Elexis Williams, In His Official Capacity**
>
> > **1.     Claims under state law**

Defendants move to dismiss the state law claims against Defendant Elexis Williams, in his official capacity, because the same sovereign immunity that protects Clinch County applies to Defendant Williams.  (Defs.' Mot. to Dismiss, pp. 13–14).  Again, Plaintiff concedes that her state law claims against Defendant Williams, in his official capacity, should be dismissed.  (Pl.'s Resp. to Defs.' Mot. to Dismiss, p. 9).

Accordingly, with respect to all state law claims against Defendant Elexis Williams, in his official capacity, the Motion to Dismiss is **GRANTED.**

> > **2.     Claims under 42 U.S.C. § 1983**

Plaintiff appears to allege that Defendant Williams is liable under 42 U.S.C. § 1983.[1]  Defendant Williams moves to dismiss Plaintiff's § 1983 claim against

---

[1] It is not clear on the face of Plaintiff's Complaint whether she is stating a claim for relief under § 1983 based on Defendant Williams's conduct.  Defendant Williams is not mentioned individually under the subheading "Violation of 42 U.S.C. § 1983," and § 1983 is not mentioned under the subheading "Defendant

him, in his official capacity, because he is immune from suit under the Eleventh Amendment, and he is not a "person" subject to suit under § 1983.  (Defs.' Mot. to Dismiss, pp. 10–12).  It is not clear to the Court whether Defendant Williams was, at all times relevant to Plaintiff's claims, employed as a corrections officer or a jailer at the Clinch County jail.  Corrections officers are employed by the Georgia Department of Corrections (GDOC), while jail personnel are employed by the Clinch County Sheriff.  See O.C.G.A. § 42-2-9 ("The commissioner is authorized to appoint and employ . . . employees necessary for the operation of the state operated institutions where inmates are confined."); O.C.G.A. § 42-4-1(a) ("By virtue of their officers, sheriffs are jailers of the counties and have the authority to appoint other jailers, subject to the supervision of the county governing authority, as prescribed by law.").  This distinction is immaterial to Plaintiff's § 1983 claims against Defendant Williams in his official capacity.

States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Eleventh Amendment immunity extends to government entities which act as an "arm of the state," such as the GDOC and the Clinch County Sheriff.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 70–71 (1989); Miller v. King, 384 F.3d 1248, 1259 (11th Cir. 2004) (noting that § 1983 actions for

---

Elexis Williams."  In an abundance of caution, the Court is going to address Defendants' argument that any § 1983 claims against Elexis Williams, in his official capacity, should be dismissed because he is immune from suit pursuant to the Eleventh Amendment.

damages against GDOC are barred because of Eleventh Amendment immunity and because GDOC is not a "person" capable of being sued under § 1983) (opinion vacated and superseded on other grounds); Scruggs v. Lee, 256 Fed. Appx. 229, 231–32 (11th Cir. 2007) (holding that both the sheriff and employees of the sheriff, in their official capacities, are "arm[s] of the state" and, as such, are entitled to Eleventh Amendment immunity).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will, 491 U.S. at 67.  Accordingly, the Eleventh Amendment bars a § 1983 action against the corrections officers and jailers, in their official capacities, unless they waive immunity or consent to suit, neither of which has happened here.  Ferguson v. Georgia Dep't of Corr., 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006).  Further, neither a State nor its officials acting in their official capacities are "persons" under § 1983, which provides a cause of action only against "persons" who, under color of state law, deprive an individual of his constitutional rights."  See § 1983; see also Will, 491 U.S. at 71.  Plaintiff's claim for damages under § 1983 against Defendant Williams, in his official capacity, is not asserted against a "person[ ]" within the meaning of § 1983, and it is barred by Eleventh Amendment Immunity.  Defendants' Motion to Dismiss Plaintiff's § 1983 claims against Defendant Williams, in his official capacity, is **GRANTED**.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss claims against Clinch County and Elexis Williams, in his official capacity, is **GRANTED**.

All of the claims against Clinch County are dismissed, and Clinch County is no longer a party to this lawsuit.  The state law claims and § 1983 claims against Defendant Elexis Williams, in his official capacity, are also dismissed.

The stay on discovery in this case is lifted.  An updated Rules 16 and 26 Order will be issued, and the parties are to confer and submit a Proposed Scheduling and Discovery Form within 30 days of the issuance of the Rules 16 and 26 Order.

**SO ORDERED**, this the 19th day of May, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les